IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W. STEVE SMITH, TRUSTEE | § § | |
| Plaintiff, | § § | |
| vs. | § § § | CIVIL ACTION NO. H-05-1779 |
| AMERICAN FOUNDERS FINANCIAL CORP., *et al.* | § § § | |
| Defendants. | § § | |

## DEFENDANT AMERICAN FOUNDERS FINANCIAL CORP.'S SURREPLY TO PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

American Founders Financial Corp. ("AFFC") files this Surreply to Plaintiff's Reply to AFFC's Response to Plaintiff's Motion for Partial Summary Judgment (the "Surreply") and moves the Court to deny Plaintiff's Motion for Partial Summary Judgment (the "Motion") for the following reasons:

### I.
### SUMMARY OF ARGUMENT

Although Plaintiff strings together a large number of conclusory arguments, supported only by a few catchy phrases, Plaintiff has, once again, failed to provide any evidence supporting his Motion. Further, Plaintiff has provided no evidence to rebut the evidence provided in AFFC's Response to the Motion ("AFFC's Response"). Although Plaintiff correctly states that the Court should focus on the "net effect" of the subject transactions on the estate of Comstar Mortgage Corporation ("Comstar"), Plaintiff ignores the fact that, at worst, the net effect is zero and at best, Comstar's estate *benefited* from the transaction surrounding the alleged "fraudulent" transfer. Both the facts and law show that Comstar received reasonably equivalent value for the $507,561.63 (the "Disputed Sum") withheld from the proceeds of the Note (the "Comstar Note")

signed by Comstar in payment of a debt owed by Comstar's affiliate, Bradford Brokerage, Inc. ("Bradford") to AFFC's subsidiary, American Founders Life Insurance Company ("AFL"). Alternatively, the evidence presented herein shows that there are at least genuine issues of material fact requiring a trial on the merits on the subject issues and that Plaintiff is not entitled to judgment as a matter of law on his claim for the Disputed Sum. Accordingly, the Court should deny Plaintiff's Motion in all respects.

## II.
## SUMMARY JUDGMENT EVIDENCE

AFFC relies upon and incorporates the following summary judgment evidence attached hereto:

Exhibit A    Declaration Under Penalty of Perjury of Stephanie Sawyer, Custodian of Records for Comstar Mortgage Corporation, attesting to the financial statements attached to AFFC's Response to Motion for Partial Summary Judgment.

Exhibit B    Plaintiff's Notice of Intent to Offer Business Records Accompanied by Affidavit, filed December 29, 2005.

## III.
## ARGUMENT

**A.    Plaintiff's Conclusory Assertions Do Not Prove Plaintiff's Claim**

Plaintiff's "Cash for Trash" argument has no foundation in the facts or evidence of this case. Plaintiff has produced no evidence to support his repeated claim that real money was transferred from Comstar's estate. In fact, the evidence shows that the Disputed Sum was nothing more than a series of book entries, used to offset a debt owed by Bradford to AFL. There is no evidence that any real cash flowed out of Comstar at any time concerning the Disputed Sum. Plaintiff's evidence shows only that money was withheld from Comstar out of the Comstar Note proceeds; however, Plaintiff has failed to show that Comstar ever had to repay this withheld sum. In other words, Comstar never received nor had to repay the Disputed Sum. Therefore, under the "net effect" analysis, Comstar's estate suffered no negative effect. To be

entitled to any relief, Plaintiff must show that Comstar repaid the Disputed Sum; Plaintiff has wholly failed to present such proof. Since there is no evidence that Comstar repaid any portion of the Comstar Note, Plaintiff cannot possibly prove a net detriment to Comstar as a matter of law.

Plaintiff also asserts that the financial statements used by AFFC reflect a "shell game" used to "manipulate" the financial condition of IFS Financial Corporation ("IFS") and its various subsidiaries. However, Plaintiff provides no evidence to support this vague and airy conclusion. With regard to the transactions at issue in this Motion, the books and records of IFS, Bradford and Comstar show meticulous tracking of the details of these transactions. Plaintiff cannot invoke the "'net effect' on the estate of Comstar" approach, yet at the same time reject what the financial records of Comstar reflect. After all, Comstar's records reveal the only accounting of what Comstar's estate consists. If, as Plaintiff seems to want to contend, Comstar's records are "trash," then Plaintiff cannot possibly demonstrate that the transactions at issue had any effect.

The best and only appropriate way of analyzing the "net effect" on Comstar's estate is to examine the financial statements of Comstar and its affiliates. (Indeed, if there were any other evidence showing the "net effect" on Comstar, Plaintiff would have presented it). Rather than coming forward with evidence, Plaintiff merely calls AFFC's contention that IFS, not Comstar, paid the Bradford receivable "pure nonsense." This conclusory statement has no support in the record and is untrue. It certainly doesn't fill the yawning gap in Plaintiff's proof of claimed payment of any actual cash by or out of Comstar's estate. Exhibits A, B and C to AFFC's Response individually and collectively show that three separate companies booked entries supporting the fact that IFS, not Comstar, paid the Disputed Sum. As AFFC's Exhibits are the ONLY evidence relating to this payment, Plaintiff's conclusory and unsupported argument should be disregarded.

3

Additionally, Plaintiff makes several arguments in Plaintiff's Reply to AFFC's Response ("Plaintiff's Reply") that are irrelevant. Plaintiff points out that Comstar erroneously booked the debt from the Comstar Note to AFL. While this may be true, it does not bear on the factual or financial analysis of this issue. Unless Plaintiff claims that the booking made by Comstar was some sort of separate transaction that happened to occur in the exact same amount on the exact same date, Plaintiff's argument is irrelevant. Plaintiff also points out that only $3,756,879.59 of net proceeds from the Comstar Loan were available to send upstream into IFS. Since this figure has no bearing on the Disputed Sum's withholding or subsequent payment, it is not relevant to the Plaintiff's Motion, which is confined to the Disputed Sum.

Plaintiff also disputes AFFC's showing that Comstar received "dollar for dollar" value in the form of an offset against an $850,000 pre-existing debt to IFS. Under Plaintiff's version of the facts, he wants to claim that the booking of the Comstar Note, including the Disputed Sum, resulted in $507,561.63 in "real money" being transferred out of Comstar. If Plaintiff wishes to claim a "real money" detriment based on a booked transaction, then he must also recognize the offsetting "real money" benefit in the form of a booked transaction. Plaintiff cannot claim that the $507,561.63 entry in Comstar's financials represents real cash without also recognizing that the pre-existing entry of $850,000 also represented an inflow of real cash. If both entries represent cash transfers, Comstar's creditors benefited by $850,000 of cash coming into Comstar prior to May of 2000. This analysis shows exactly why the "net effect" analysis is used by courts and should be applied here. Both debits and credits must be treated equally in order to understand the true effect that any series of transactions has on a company. Since any balance sheet of Comstar's estate would be based upon these very entries, all such entries must be included in a net effect analysis. Plaintiff improperly seeks to have the Court put on blinders and look only at one or two aspects of the overall set of related transactions.

Finally, Plaintiff criticizes AFFC's contention that, since Comstar never paid back any money on the Comstar Note, it did not suffer any economic detriment and the $507,561.63 transfer is immune from attack. Specifically, Plaintiff argues that the defense urged by AFFC "does not exist." In fact, the requirement of an actual *transfer* is found in every case cited by AFFC and the existence of an actual transfer is a requirement for a suit under the Texas Uniform Fraudulent Transfer Act. *See* Tex. Bus. & Com. Code §§ 24.005(a) and 24.006(a). If there was no transfer, there is no claim. Plaintiff has failed to show that Comstar ever paid any amount out of its estate or suffered any net detriment to its estate. Merely showing a failure to receive funds is not a detriment. Merely signing a note for an amount not received is also not a detriment if, as here, the facts show that the proceeds of the note Comstar signed essentially constituted an advance to IFS or Circle in May 2000, which was to be repaid by IFS or Circle in June 2000, and was in fact repaid by IFS or Circle, and not by Comstar, in June 2000. Thus, if the entire set of related transactions is properly considered, Comstar neither received nor paid any cash and, therefore suffered no detriment. Instead it obtained a deduction on its books of its previously existing debt to IFS. Therefore, on its books, Comstar actually benefited.

AFFC's evidence rebuts each of Plaintiff's conclusory arguments. Plaintiff's failure to attach any direct evidence to his Reply is further evidence that he has no claim. AFFC would also direct the Court to AFFC's Partial Motion for Summary Judgment Regarding "Reasonably Equivalent Value" for additional information, evidence and analysis relating to this issue.

**B.     Response to Plaintiff's Evidentiary Objections**

Plaintiff has objected to the admissibility of the financial records produced by Plaintiff's debtor estates attached to AFFC's Response as Exhibits A-E ("Response Exhibits A-E") on grounds of hearsay. Plaintiff's objection to Exhibit B (the exhibit which shows a deduction in Comstar's pre-existing debt of $850,000 to IFS) would seem to be frivolous because on

5

December 29, 2005 Plaintiff filed a Notice of Intent to Offer Business Records Accompanied by Affidavit, which includes this very record. A copy of that Notice is attached hereto as Exhibit B. In further response, AFFC has attached to this Surreply, as Exhibit A, the Declaration Under Penalty of Perjury of Stephanie Sawyer, in which she identifies Response Exhibits A-E as the business records of the various IFS-related entities. Defendant requests that the Court accept this affidavit as authentication of the questioned records.

Plaintiff has also objected to Exhibit K to AFFC's Response on grounds of hearsay. Exhibit K is an unpublished Fifth Circuit opinion cited by AFFC and was attached pursuant to this Court's Procedures, Section 6.B. Plaintiff's objection to this exhibit is also frivolous.

## C.  Conclusion

Plaintiff claims that "cold hard cash" was taken from Comstar; however, Plaintiff has not produced any evidence showing that Comstar paid any cash to anyone regarding the Disputed Sum. As at trial, conclusory accusations will not satisfy the burden of proof in a motion for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321-325 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-57 (1986). AFFC has produced the best (and only) evidence of the transactions involved in Plaintiff's claims -- namely, the financial records kept by each of the companies. These records show that Comstar did not pay Bradford's debt. Therefore, Plaintiff cannot claim that Comstar suffered any kind of economic detriment. The "reasonably equivalent value" of nothing is nothing. Comstar made no transfer of monies and cannot claim that it was harmed. At a minimum, the evidence attached to AFFC's Response and Surreply raises fact issues precluding the granting of Plaintiff's Motion for Partial Summary Judgment.

## IV. PRAYER

In light of the above, AFFC requests that Plaintiff's Motion for Partial Summary Judgment be in all things DENIED.

Respectfully submitted,

BAKER & HOSTETLER LLP

By: /s/ Paul S. Francis
Paul S. Francis
State Bar No. 07359500
Shari L. Heyen
S.D. No. 13664
Jana K. Terry
S.D. No. 558378
State Bar No. 24003041
Joseph F. Frost
S.D. No. 601651
State Bar No. 24040935
1000 Louisiana, Suite 2000
Houston, Texas 77002
Telephone: 713-751-1600
Facsimile: 713-276-1626

ATTORNEYS FOR DEFENDANT
AMERICAN FOUNDERS FINANCIAL CORP.

### CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing have been forwarded to all counsel of record in this matter in accordance with the Federal Rules of Civil Procedure on this 29th day of March, 2006 as follows:

| | |
|---|---|
| Keavin David McDonald | Ellen Maresh Hickman |
| Wilshire Scott & Dyer, P.C. | U.S. Trustee |
| 1221 McKinney, Suite 3000 | Office of the US Trustee |
| Houston, TX 77010 | 515 Rusk Ave., Ste. 3516 |
| | Houston, TX 77002 |

/s/ Paul S. Francis
Of Counsel

101250422.4

7